UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RON BOND ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO: 1:15-CV-00290 |
| ) | |
| GENERAL MOTORS, LLC, ) | |
| BRYAN K. WILE, and ) | |
| EDWARD L. KLINGAMAN, JR., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter is before the court on Plaintiff's Motion to Dismiss (ECF at 34) in which he argues Defendant Bryan K. Wile's counterclaim was filed outside the applicable two-year statute of limitations and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant Bryan K. Wile filed a response in opposition to the motion (ECF at 37) and Plaintiff filed a reply brief (ECF at 41). For the reasons discussed below, the court finds Plaintiff's motion should be GRANTED. Defendant Bryan K. Wile's counterclaim [DE 19, p. 13] is DISMISSED. All other claims and defenses asserted by any party are unaffected by this ruling and remain pending.

**BACKGROUND**

The facts giving rise to this lawsuit are largely undisputed. On October 7, 2015, Plaintiff Ron Bond ("Bond") filed his Complaint (ECF at 1) against Defendant General Motors, LLC alleging race harassment in violation of 42 U.S.C. § 1981, Defendant Bryan K. Wile ("Wile") alleging assault and battery, and Defendant Edward L. Klingaman alleging defamation and

1

slander. The assault and battery claim stems from a physical altercation between Bond and Wile on October 17, 2013. Bond's assault and battery claim was timely filed within the two (2) year applicable statute of limitations pursuant to Indiana Code § 34-11-2-4. On January 29, 2016, Wile responded to Bond's complaint by filing an answer and a counterclaim (ECF at 19) alleging assault and battery stemming from the incident on October 17, 2013.

Bond now moves the court to dismiss Wile's counterclaim alleging the counterclaim falls outside the applicable statute of limitations and requires dismissal pursuant to Rule 12(b)(6). Bond's Memorandum in Support of Motion to Dismiss, (ECF at 38), pp 3-4. Wile does not dispute his counterclaim was filed outside the applicable two-year statute of limitations. However, Wile argues that Indiana Trial Rule 13(J) permits a party to assert a counterclaim that would otherwise be barred by a statute of limitations if that counterclaim diminishes or defeats the opposing party's claim. Bond contends that Indiana Trial Rule 13(J) is not applicable here because Wile's counterclaim seeks affirmative relief. Wile's Countercl. ¶¶ 13, 14.

## STANDARD OF REVIEW

Rule 12(b)(6) allows a defendant to move to dismiss a complaint that has fails to "state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008). The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Stated differently, the complaint must include "enough facts to state a claim to relief

that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (internal citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 U.S. at 556).

## DISCUSSION

The issue before the court is whether Wile's untimely counterclaim qualifies under Indiana Trial Rule 13(J) for an exemption to the applicable two-year statute of limitations. Wile does not dispute that he failed to file his counterclaim within the statute of limitations period, rather he maintains that his counterclaim is salvaged by Indiana Trial Rule 13(J)(1) because it "diminishes or defeats" Bond's personal injury claims. Wile's Response in Opposition to Motion to Dismiss (ECF at 37), p. 2. The court does not agree.

Indiana Code § 34-11-2-4 is the applicable statute of limitations for an action for injury to a person, as in this case. Section 34-11-2-4 requires an action to "be commenced within two (2) years after the cause of the action accrues." Ind. Code § 34-11-2-4. Here, Wile's counterclaim of assault and battery stems from a physical altercation between Bond and Wile on October 17, 2013.[1] Thus, Wile's January 2015 counterclaim would otherwise seem to be time-barred.

Indiana Trial Rule 13 governs counterclaims. Under Rule 13, counterclaims are either compulsory or permissive. *Bacompt Sys., Inc. v. Ashworth*, 752 N.E.2d 140, 143 (Ind. Ct. App. 2001). A compulsory counterclaim "arises out of the transaction or occurrence that is the subject-matter of the opposing party's claim." Ind. Trial Rule 13(A). A permissive counterclaim is a "claim against an opposing party not arising out of the transaction or occurrence that is the

---

[1] Wile does not dispute that his counterclaim accrued as of October 17, 2013.

subject-matter of the opposing party's claim." Ind. Trial Rule 13(B). Here, it is evident that Wile's counterclaim arises out of the same transaction or occurrence—the physical altercation with Bond on October 17, 2013—as Bond's claim. Bond Compl. ¶ 19; Wile Countercl. ¶ 7. Thus, Wile's counterclaim is considered compulsory.

Next, Trial Rule 13(J) allows a defendant to assert a time-barred claim to the extent that it defeats or diminishes the plaintiff's claim. Although the Indiana Trial Rules are modeled on the federal rules, Trial Rule 13(J) is unique to the Indiana rules. Rule 13(J) provides in pertinent part that the statute of limitations shall not bar a claim asserted as a counterclaim to the extent that "it diminishes or defeats the opposing party's claim if it arises out of the transaction or occurrence that is the subject-matter of the opposing party's claim[.]" Ind. Trial Rule 13(J). On its face, Rule 13(J) does not prohibit untimely compulsory counterclaims nor does Rule 13 distinguish the type of relief sought by the defendant as a means for barring an untimely compulsory counterclaim. *See generally* Ind. Trial Rule 13.

In *Crivaro v. Rader*, 469 N.E.2d 1184 (Ind. Ct. App. 1984),[2] the court determined that for a defendant to assert an untimely compulsory counterclaim under Trial Rule 13, the relief sought must be defensive in nature. *Id*. at 1185. The court refused to permit affirmative recovery by way of a time-barred counterclaim. *Id*. at 1187. In *Delacruz v. Wittig*, 42 N.E.3d 557 (Ind. Ct. App. 2015),[3] the court held that the ability to obtain affirmative relief is foreclosed under Trial

---

[2] In *Crivaro*, the plaintiff filed a complaint seeking $1,000 in damages nineteen days before the expiration of the two-year statute of limitations. The defendant filed a counterclaim eight days after the running of the statute of limitations on the action seeking $60,000 for personal injuries and property damage.

[3] In *Delacruz*, sheriff's deputies timely brought action for assault against party guest in connection with injuries they sustained during investigation of a disturbance. More than two years after the incident, guest counterclaimed for excessive force.

Rule 13. *Id*. at 562. The court held that Trial Rule 13(J) only applies to counterclaims for recoupment and not to counterclaims seeking affirmative recovery. *See id*. A counterclaim for affirmative relief is one that "could have been maintained independently of the plaintiffs [sic] action." *Delacruz*, 42 N.E.3d at 560 (citing *York Linings Int'l, Inc. v. Harbison–Walker Refractories Co.*, 839 N.E.2d 766, 771 (Ind. Ct. App. 2005)). In contrast, "a counterclaim in recoupment is defensive in posture." *Id*. (citing *York Linings*, 839 N.E.2d at 769).

Here, Wile's counterclaim seeks affirmative recovery. Wile could have filed his counterclaim as an independent action prior to the end of the statute of limitations. For whatever reason, Wile did not do so—that is certainly his right. However, for affirmative counterclaims, Trial Rule 13(J)(1) simply does not operate to toll the statute of limitations. *Delacruz*, 42 N.E.3d at 562; *Crivaro*, 469 N.E.2d at 1186. Wile also seeks affirmative relief in the form of damages. Wile's counterclaim requests compensatory damages, punitive damages, attorney fees, and costs. Wile Countercl. ¶¶ 13, 14. These types of damages are indicative of affirmative relief and are commonly associated with an independent cause of action. *See Delacruz*, 42 N.E.3d at 560 ([C]ompensatory and consequential damages plus attorney fees are more indicative of an affirmative counterclaim rather than simply a claim in recoupment).

Finally, a counterclaim asserted by way of a set-off or recoupment or that seeks to diminish or defeat the plaintiff's claim is defensive in nature. *See Delacruz*, 42 N.E.3d at 560; *see also York*, 839 N.E.2d at 769. Here Wile contends his counterclaim will diminish or defeat Bond's claim. Wile's Resp., p. 3. However, Wile does not allege any facts in his counterclaim to indicate how his assault and battery claim would defeat or diminish Bond's claims. In other words, Wile fails to indicate how his counterclaim of assault and battery would diminish or defeat Bond's ability to establish liability on his claims. Thus, Wile's counterclaim is

affirmative and not merely one that seeks recoupment or setoff. Wile maintains Indiana Trial Rule 13(J) rescues his otherwise time-barred counterclaim because it diminishes or defeats Bond's claims. The court disagrees.[4]

**CONCLUSION**

For the foregoing reasons, Wile's counterclaim was untimely filed and does not otherwise qualify for exemption under Trial Rule 13(J)(1). As such, it is time-barred and subject to dismissal. Accordingly, the court GRANTS Plaintiff's motion to dismiss. Defendant Bryan K. Wile's counterclaim [DE 19, p. 13] is DISMISSED. All other claims and defenses asserted by any party are unaffected by this ruling and remain pending.

Date: June 30, 2016.

/s/ William C. Lee
William C. Lee, Judge
U.S. District Court
Northern District of Indiana

---

[4] The court notes that it is debatable whether Rule 13 even applies in this case. *See Murray v. Conseco, Inc.*, 2009 WL 126343, at * 3 (S.D.Ind. Jan. 16, 2009), *amended in part on reconsideration*, 2009 WL 1228552 (S.D. Ind. May 4, 2009) ("Trial Rule 13(J) is an Indiana state court procedural rule and, therefore, it does not apply in federal proceedings.") (citing *Chauffeurs, Teamsters, Warehousemen & Helpers Local Union No. 135 v. Jefferson Trucking Co., Inc.*, 473 F.Supp. 1255, 1258 (S.D.Ind. 1979)) (questioning the applicability of Indiana Rule 13 in federal proceedings, while holding that a party may not utilize Rule 13 in any event since party was seeking affirmative relief in counterclaim). The court need not address this point, however, since all the cases discussed in this order share a common legal thread—that Indiana Trial Rule 13 does not save an otherwise time-barred counterclaim if that counterclaim seeks affirmative relief (as opposed to setoff or recoupment), as does Wile's.